**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNIVERSITY OF MIAMI,**

**Plaintiff,**

**Civil Action No.**

**v.**

**CANEUP LLC,**

**Defendant.**

_______________________________________/

**COMPLAINT**

Plaintiff, University of Miami ("University"), by and through undersigned counsel, for its complaint against Defendant, CANEUP LLC ("Defendant"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, University, is a Florida non-profit corporation with a principal place of business located at 1320 South Dixie Highway, Suite 1200, Coral Gables, Florida 33146.

2. Upon information and belief, Defendant is a Florida Limited Liability Company with its principal place of business at 50 Farnham C, Deerfield Beach, FL 33442.

3. This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

5. This Court has personal jurisdiction over Defendant because it committed tortious acts in Miami-Dade County, Florida.

**NATURE OF THE ACTION**

6. The University's Complaint asserts claims for federal trademark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count I); for federal unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a) (Count II); for federal trademark dilution in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. §1125(c) (Count III), and for trademark infringement under Florida common law (Count IV).

7. The University was chartered in 1925. The University offers, *inter alia*, undergraduate and graduate educational and athletic programs. Since 2004, the University has been a member of the Atlantic Coast Conference, which participates in the National Collegiate Athletic Association ("NCAA") Division I. Prior to 2004, most of the University's athletic teams competed in the Big East Conference. The University's athletic teams have enjoyed tremendous success, winning twenty-one team National Championships in various sports. Of particular fame are the University's football and baseball teams. The University's football team has won five National Championships and dozens of the University's football players have gone on to excel in the National Football League, with nine having been inducted into the Pro Football Hall of Fame as of 2023. The University's baseball team has won four National Championships and has reached the College World Series twenty-two times since 1974. The University of Miami baseball team holds the NCAA record for the most consecutive post season appearances (44 from 1973 through 2016 inclusive). This streak is the longest of any major NCAA Division I men's sport.

8. Shortly after its inception, the University adopted the nickname the HURRICANES, for which the CANES Mark serves as a widely used, well-known abbreviation and indicia of source. Individual students, athletes, and alumni are known by the singular form of the CANES Mark, namely "CANE" and the University uses the term "CANE" to identify a variety of services, including "Cane Card," Cane Link," and "Cane Express." Since at least as early as 1965, the University, its athletic department, its many teams and organizations, and its campus stores use the CANES trademark and service mark in association with multiple products and services, including without limitation athletic entertainment services and clothing products (the "CANES Mark").

9. In addition to the use of the CANES Mark, since at least as early as 1972, the University began using its orange and green split "U" design mark (the "U design Mark"), which quickly came to signify the prominent educational institution and athletic powerhouse that is the University of Miami. The University's association with the below orange and green U Design Mark is so well-established the University is now often referred to as the "U."



10. As a result of the University's success and the University's athletic teams, the CANES Mark and the U design mark have been extensively featured on television broadcasts and in print and online media nationwide and around the world for decades. Most recently, the University men's basketball team played in the NCAA Final Four competition held in Houston, Texas in March 2023, providing extensive promotion of the CANES Mark and U Design mark:



ESPN
@espn
MIAMI BASKETBALL IS ELITE.

@CanesHoops upsets 1-seed Houston to move on to the Elite Eight
@CanesWBB advance to its first Elite Eight in program history

What a day

9:33 PM · Mar 24, 2023 · 1M Views

COLLEGE BASKETBALL
The New York Times
SUBSCRIBE FOR $1/WEEK
LOG IN

MEN'S N.C.A.A. TOURNAMENT

*Furious Finishes Set the Final Four: Miami and San Diego State Are In*

Fifth-seeded Miami rallied from 13 points down to beat Texas, while a foul and a free throw gave another No. 5 seed, San Diego State, a win over Creighton. They join UConn and Florida Atlantic.

Share full article

Bensley Joseph and the Miami Hurricanes downed second-seeded Texas. Charlie Riedel/Associated Press

11. The University has fifteen varsity sports teams for seventeen varsity sports, all of which are referred to and identified by the CANES Mark and the U Design Mark. The University's athletic teams have enjoyed tremendous success, winning twenty-one team National Championships in various sports. The general public, alumni and fans of the University celebrate the University and the University's athletic program and teams by purchasing and wearing a wide range of apparel and clothing products, including, without limitation, hats, sweatshirts, t-shirts, shorts, pants, socks, etc., bearing the CANES Mark and U Design Mark.

12. In addition to owning nationwide common law rights in the CANES Mark and U Design Mark, the University is the owner of federally registered trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO").

13. The University is the owner of the CANES word and design marks and applications in the chart below for a variety of products and services (hereinafter, collectively, the "CANES® Mark"). True and correct copies of the federal trademark registration certificates and printouts from the United States Patent and Trademark Office's Trademark Electronic Search System for each mark are attached as **<u>Composite Exhibit "A."</u>**

**U.S. Trademark Application and Registrations for family of CANES® Mark**

| **Mark** | **App / Reg. No.** | **Goods/Services** |
|---|---|---|
| CANES | Reg. No. 1957948 | (Int'l Class: 25)<br>clothing, namely, shorts, sweatshirts, T-shirts, and hats |
| CANES | Reg. No. 2011488 | (Int'l Class: 41)<br>entertainment services, namely, organizing and conducting various athletic events |
| CANES VAULT | App. No. 90875726 | (Int'l Classes: 09, 35, 41, 42)<br>*See* **Composite Exhibit A** for complete list. |

14. As a result of its long-standing use in interstate commerce and its federal registrations, the University owns statutory and common law protection for each individual registration and for its "family" of CANES® marks.

15. Since 1965, the University has actually, extensively and continuously used the CANES® Mark to identify clothing products and its athletic entertainment services throughout the United States. Registration No. 1957948 provides protection for use of the CANES® Mark in connection with clothing, namely, shorts, sweatshirts, T-shirts, and hats. This mark registered on February 20, 1996, and provides incontestable protection pursuant to 15 U.S.C. § 1065.

16. The University is also the owner of U Design Marks (hereinafter, collectively, the "U Design Marks"). True and correct copies of the federal trademark registration certificates and printouts from the USPTO's Trademark Electronic Search System for each mark are attached as **Composite Exhibit "B."**

**U.S. Trademark Application and Registrations for U Design Marks**

| Mark | App / Reg. No. | Goods/Services |
|---|---|---|
| | Reg. No. 4977032 | (Int'l Class: 25) Clothing, namely, shirts, t-shirts, polo shirts, dresses, skirts, blouses, jackets, coats, fleece pullovers, sweaters, sweatshirts, pants, sweat pants, tank tops, shorts, underwear, briefs, thermal underwear, swim suits, trunks, yoga pants, capri pants, sports bras, bandanas, shoes, belts, caps, hats, beanies, visors |
| | Reg. No. 1752939 | (Int'l Class: 41) educational services; namely, conducting courses of instruction at the university level and presenting various athletic events |

17. As a result of its long-standing use in interstate commerce and its federal registrations, the University owns statutory and common law protection for each individual registration and for its "family" of U Design Marks.

18. Since 1972, the University has actually, extensively and continuously used the U Design Marks to identify clothing products and its athletic entertainment services throughout the United States. Registration No. 4977032 provides protection for use of the U Design Marks in connection with clothing. This mark was registered on June 14, 2016 and provides incontestable protection pursuant to 15 U.S.C. § 1065.

19. The federal registrations for the CANES® Mark and U Design Marks are valid, in full force and effect, and constitute *prima facie* evidence of the University's exclusive ownership of and right to use the CANES® Mark and U Design Marks on and in connection with the marketing and rendering of the products and services specified in the registration certificates, pursuant to 15 U.S.C. § 1057(b).

20. Current examples of the University's use of the CANES® Mark and U Design Marks on clothing products in commerce are shown below:

21. By virtue of decades of use and the widespread sales and extensive advertising, promotion and sale of the products and services identified by the U Design Marks and the CANES® Mark, the U Design Marks and the CANES® Mark have become well-known among the general public and are recognized and relied upon as identifying the University's products and services and as distinguishing them from the products and services of others, and have come to represent and symbolize extremely valuable goodwill belonging exclusively to the University.

22. The public generally as well as universities, colleges and athletics programs and participants at all levels have come to rely on the University's U Design Marks and CANES® Mark to distinguish the University's services and products from those of others.

23. The U Design Marks and the CANES® Mark represent valuable assets owned by the University.

**Defendant's Intentional Infringement of the CANES® Mark and U Design Marks**

24. Decades after the University acquired protectable rights in its CANES® Mark and such mark became synonymous with the University's goods and services, Defendant started without authorization to use the confusingly similar "CANEUP" mark (the "CANEUP Mark") in U.S. commerce in connection with clothing products.

25. Notwithstanding the University's prior rights in and to the CANES® Mark and U Design Marks, on November 16, 2021, Defendant filed Application Serial No. 97127071 with the USPTO for the CANEUP Mark for "Beanies; Hats; Pants; Shirts; Shorts; Socks; Sweaters; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Athletic sweaters; Athletic uniforms; Bandanas; Baseball caps; Baseball caps and hats; Bottoms as clothing; Boxer briefs; Boxer shorts; Bucket hats; Cloth bibs; Hoodies; Jackets; Neck gaiters; One-piece garments for children; One-piece suits; One piece garment for infants and toddlers; Sports bra; Sun visors being headwear; Tops as clothing; Visors being headwear; Knit face masks being headwear" in Class 25 ("CANEUP Application). **See Exhibit "C."**

26. Set forth below are images of the clothing products Defendant currently is selling on its website that uses its unauthorized, infringing CANEUP Mark. See the caneup.com website. Next to each image of the infringing CANEUP merchandise there is an image of similar University sanctioned merchandise bearing its registered CANES® Mark.

| ***Genuine CANES® Merchandise*** | ***Defendant's Infringing Merchandise*** |
| --- | --- |
| CANE U NATION | CANEUP™ |



27. Not only is Defendant's merchandise violative of the University's incontestable rights in the CANES® Mark, the CANEUP Mark design utilized on Defendant's website and products also infringes on the University's incontestable rights in its U Design Marks (Reg. Nos. 1752939 & 4977032).

28. Visitors to the Defendant's website located at <caneup.com> find the CANEUP Mark displayed with the letter "U" prominently featured in white, orange, and green as shown below.



29. This stylized depiction of the CANEUP Mark using the white, orange and green letter "U" also is shown on clothing products sold on the Defendant's website, examples of which are shown below:



30. By depicting the letter "U" in the CANEUP Mark in the exact colors as the University's colors and U Design Marks, the Defendant is implying an association between its CANEUP Mark and the University that does not exist.

31. It is indisputable that Defendant had actual notice of the use and fame of the CANES® Mark throughout the world and the United States including, but not limited to, South Florida where the University is principally located.

32. Defendant's CANEUP Mark incorporates the majority of the CANES® Mark verbatim and merely pairs it with the word UP, signifying raising or supporting something, such that the mark immediately conveys to the public that the Defendant's products using the CANEUP Mark are licensed or approved by the University.

33. The University's rights in the CANES® Mark and U Design Marks existed long before and are superior to Defendant's rights in the CANEUP Mark.

34. The Defendant advertises, promotes, and sells clothing products under the CANEUP Mark that are nearly identical to the products advertised, promoted, and sold under the CANES® Mark and U Design Marks.

35. The CANEUP Application was filed with actual and/or constructive knowledge of the University's incontestable rights in the CANES® Mark and U Design Marks.

36. The CANEUP Application avers a date of first use of August 26, 2014, nearly thirty years after the University filed its first application for the CANES® Mark and nearly fifty years after the University commenced use of the CANES® Mark and U Design Marks.

37. The University is thus the prior user and prior federal registration owner of the CANES® Mark and U Design Marks as against the junior subsequent date of Defendant's unauthorized adoption and use of the CANEUP Mark, and the University has priority of rights to use and to enforce the CANES® Mark and U Design Marks as against the Defendant's unauthorized use of the CANEUP Mark.

38. A number of factors confirm that there is a likelihood that the consuming public will find that Defendant's use of the CANEUP Mark is confusingly similar to the University's CANES® Mark and U Design Marks, including, most importantly, that the parties are using the identical formative component of CANES and the singular of the CANES® Mark, namely CANE.

39. Further, Defendant pairs CANE with the descriptive term UP, which indicates support for the CANE brand, so the mark literally means support of the CANES.

40. Finally, the Defendant has copied the orange, green and white design of the University U Design Marks in the letter "U" in its CANEUP Mark.

41. Defendant intentionally, willfully, and knowingly adopted the CANEUP Mark, which is confusingly similar to the University's CANES® Mark and U Design Marks and did so with disregard for the University's rights in its marks.

42. Defendant's intention to capitalize on the intellectual property rights of the University also is clear in the use of the colors orange, green and white in the CANEUP logo.

43. Further, prior communications from Defendant's chief operating officer which state that, "I can assure you I spent years on this concept with The University of Miami in mind" (June 19, 2023, e-mail), and that "CANEUP will be the new "It's All About The U" (September 1, 2023, e-mail) demonstrate that Defendant's infringement of the University's marks was intentional.

44. For each of the above reasons, Defendant's advertising, sale and distribution of the CANEUP Mark in U.S. commerce , are likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendant's products and suggest that Defendant has an affiliation, sponsorship with or approval by the University, which Defendant does not have, thereby tarnishing and diluting the CANES® Mark and the U Design Marks.

45. Because of the likelihood of confusion caused by Defendant's unauthorized use of the CANEUP Mark, University sent Defendant a cease-and-desist letter. See September 18, 2023 letter attached as **Exhibit "D."** The Defendant did not respond to the letter.

## COUNT ONE

### Infringement of Federally Registered Service Marks
### 15 U.S.C. § 1114(1)(a)

46. University incorporates herein and realleges paragraphs one through forty-five of its Complaint.

47. The University is the owner of all right and title to, and has valid and protectable prior rights in, the CANES® Mark and the U Design Marks.

48. Since 1965, the University has continuously, exclusively and extensively used in nationwide commerce the CANES® Mark for its clothing products.

49. Similarly, the University has continuously, exclusively and extensively used in interstate commerce the U Design Marks since 1972.

50. The CANES® Mark and U Design Marks have priority dating back to filings for first federal registrations in 1995 and1991, respectively. Both marks have been in continuous use since registration and now are incontestable. The University owns incontestable federal trademark rights in the CANES® Mark and U Design Marks for clothing products.

51. Defendant adopted and began using in interstate commerce the CANEUP Mark and U Design Mark on clothing products years after the University acquired rights in the marks.

52. Defendant had constructive and actual knowledge of the University's ownership of and priority rights in the federally registered CANES® Mark and U Design Marks prior to Defendant's junior and subsequent infringing use of such marks.

53. Defendant adopted and continues today to use in interstate commerce the identical, and thus confusingly similar, CANEUP Mark in connection with clothing products with full and actual knowledge of the University's priority rights in the CANES® Mark and U Design Mark for clothing products.

54. Upon information and belief, Defendant has improperly gained profits by virtue of its infringement of the CANES® and U Design Marks.

55. Defendant's adoption, distribution, marketing, promotion, offering for sale, sale of clothing products under the CANEUP Mark, which is confusingly similar to the University's federally registered CANES® Mark and U Design Mark, constitute an infringement of the University's enforceable trademark rights in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

56. As a result of Defendant's unauthorized use of the CANEUP Mark that is confusingly similar to the University's registered CANES® and U Design Marks, the public is likely to believe mistakenly that Defendant's clothing products have been provided, approved by,

or are affiliated with the University. Consequently, the University's ability to gain revenue through the rendering of clothing products under the CANES® and U Design Marks is diminished due to Defendant's unauthorized and improper use of the CANEUP Mark.

57. As a result of Defendant's wrongful conduct, the University has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in its federally registered CANES® and U Design Marks.

58. The University is entitled to recover from Defendant all actual damages that the University has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to the University, pursuant to 15 U.S.C. § 1117.

59. The University also is entitled to injunctive relief pursuant to 15 U.S.C. §1116(a). Unless Defendant's unlawful conduct is enjoined, University has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) the University's CANES® and U Design Marks are unique and valuable property that have no readily determinable market value, (b) Defendant's infringement and illegal conduct constitutes harm to the University such that the University could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the Defendant's clothing products, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to the University, is continuing and ongoing, since Defendant currently sells clothing products under the CANEUP Mark.

60. Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's litigation position relative to the strength of University's

position considering both the governing law and the facts of this case and amounts to an exceptional case, justifying an award of attorneys' fees to the University pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff, University of Miami, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

**COUNT TWO**

**Federal Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)**

61. The University incorporates herein and realleges paragraphs one through forty-five of its Complaint.

62. The University is the owner of all right and title to, and has valid and protectable prior rights in, the CANES® Mark and the U Design Marks.

63. The Defendant's infringing products under the CANEUP Mark are of the same or similar nature and have similar forms and purpose as those rendered by the University under its CANES® and U Design Marks.

64. Defendant's actions described above, and specifically, without limitation, Defendant's use in interstate commerce of the confusingly similar CANEUP Mark in the distribution, marketing, promotion, offering for sale and sale of clothing products constitute unfair competition and false designations of origin and false descriptions or representations. Such conduct (1) wrongfully trades on the University's long-standing and hard-earned goodwill in its CANES® and U Design Marks and the reputation established by the University in connection with its clothing products, (2) passes off Defendant's clothing products in commerce as those of the

University, and (3) limits the University's ability to interact with customers and gain revenue through the rendering of clothing products using the CANES® and U Design Marks.

65. As a result of Defendant's unlawful use in commerce of the CANEUP Mark, which is confusingly similar to the CANES® and U Design Marks, consumers are likely to be misled, deceived and confused as to the origin, sponsorship, or affiliation of Defendant's clothing products.

66. Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive the University of the ability to control the consumer perception of its products sold under its CANES® and U Design Marks, placing the valuable reputation and goodwill of the University in the hands of Defendant.

67. Defendant's conduct in adopting and using the CANEUP Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection and association of Defendant and its products with the University, and as to the sponsorship, origin or approval of Defendant and its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68. The University has suffered actual damages proximately caused by Defendant's conduct, as well as the continuing loss of the goodwill and reputation established by the University in its CANES® and U Design Marks, in an amount to be determined at trial. The University is entitled to recover from Defendant all actual damages that the University has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to the University, pursuant to 15 U.S.C. § 1117.

69. Unless permanently enjoined, the University will continue to suffer irreparable harm and damage to its business, reputation, and goodwill. The University has no adequate remedy at law because, among other things, (a) University's trademarks are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement constitutes harm to the University such that the University could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, mislead, or deceived as to the source, origin, or authenticity of the infringing clothing products, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to the University, is continuing and ongoing, since Defendant currently sells clothing products under the CANEUP Mark.

70. Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's position relative to the strength of University's position, justifying an award of attorneys' fees to the University pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff, University of Miami, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT THREE

**Federal Trademark Dilution**
**15 U.S.C. § 1125(c)**

71. University incorporates herein and realleges paragraphs one through forty-five of its Complaint.

72. The CANES® and U Design Marks are inherently distinctive as they have no descriptive connection with clothing products.

73. By virtue of significant use, advertisement, and promotion of the CANES® and U Design Marks, such marks have become famous and well-recognized by the consuming public long before the Defendant's adoption of the CANEUP Mark.

74. Defendant's actions and specifically, without limitation, Defendant's unauthorized use of the CANEUP Mark in interstate commerce to advertise, market, and sell clothing products commencing long after University acquired fame in the distinctive CANES® and U Design Marks is likely to cause dilution by blurring of the CANES® and U Design Marks in violation of 15 U.S.C. § 1125(c).

75. The actions of Defendant, if not enjoined, will continue. The University has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the CANES® and U Design Marks, and injury to the University's reputation.  The University is therefore entitled to injunctive relief under 15 U.S.C. §§ 1116, 1125(c)

76. The actions of Defendant as described above were and continue to be deliberate and willful.  The University is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of its products, and the costs of this action pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff, University of Miami, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT FOUR

## Florida Common Law Trademark Infringement

77. The University incorporates herein and realleges paragraphs one through forty-five of its Complaint.

78. The University owns valid trademark rights in the CANES® and U Design Marks that entitle those marks to protection under Florida common law.

79. Defendant's use of its CANEUP Mark is confusingly similar and is likely to cause confusion, mistake and deception among consumers as to whether Defendant's business is affiliated with, sponsored or endorsed by the University.

80. As a result, the University has suffered damages in an amount to be determined at trial. Further, this conduct constitutes trademark infringement under Florida common law and has resulted in, and will continue to result in, irreparable harm and injury to the University.

WHEREFORE, Plaintiff, the University, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, preliminary and permanent injunctive relief, and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the University demands a trial by jury on all claims and issues triable.

Dated: October 6, 2023.

Respectfully submitted,

Eric D. Isicoff
Fla. Bar No. 372201
Isicoff@irlaw.com

**ISICOFF RAGATZ**
601 Brickell Key Drive
Suite 750
Miami, Florida  33131
Tel.: (305) 373-3232
Fax: (305) 373-3233
*Attorneys for Plaintiff*

Charles E. Peeler (pro hac application to be filed)
Georgia Bar No. 570399
Michael D. Hobbs Jr. (pro hac application to be filed)
Georgia Bar No. 358160
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
Charles.peeler@troutman.com
michael.hobbs@troutman.com

*Attorneys for Plaintiff University of Miami*